### In re KARLINER.

(Supreme Court, Appellate Division, First Department.  May 15, 1914.)

ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT OF ATTORNEY—ACTS CONSTITUT-  .
ING.

   An attorney, who appropriated, because of his youth and inexperience, money of his clients, and who, before proceedings against him by the bar association, charging professional misconduct, repaid the clients, was guilty of professional misconduct for which the court will censure him.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Proceeding by the Association of the Bar of the City of New York against Bernard K. Karliner, an attorney, for professional misconduct. Attorney censured.

See, also, 156 App. Div. 899, 141 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City, for petitioner.

I. T. Flatte, for respondent.

INGRAHAM, P. J.  The respondent was charged by the Association of the Bar with having received various small sums of money in settlement of claims placed in his hands and having appropriated the money to his own uses. In one case he gave to his client a check for the amount due, which check was returned by the bank upon which it was drawn on the ground that the drawer's account was not good for the amount. In other cases it appeared that the respondent had failed for a considerable time to account to his clients for money which he had received for them.

The official referee has reported that these accounts had been made good by the attorney before this proceeding was commenced, and that the misconduct which was proved was caused by the youth and inexperience of the respondent. The evidence seems to justify a finding that the money belonging to his clients was appropriated to his own uses, and, while he subsequently made it good, that is really no excuse for the appropriation of his clients' money by the respondent.

The respondent should be censured for this breach of trust. The money was not his, but belonged to his clients, and it was a breach of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trust for the respondent to use it. It was his duty to hold it as a strictly trust fund as his clients' money, and for that the court must hold him guilty of professional misconduct for which he is censured. But, in view of the finding of the official referee, the court will impose no further discipline. All concur.